THE CITY OF ROSEDALE v. JAMES E. COSGROVE
AND ANNIE COSGROVE.

**No. 839.** ( 63 Pac. 287.)

CITIES—*Negligence—Defective Footwalk.* The city of Rosedale opened to travel twenty-nine feet in width of one of its streets, and in the remaining portion of the width of the street dug an open drain fifteen feet wide at the top, five feet deep, with sloping banks. Across this drain to an alley was placed a footwalk used by the inhabitants of the city. *Held,* that it was a question of fact for the jury to say whether it was negligence not to provide railings or barriers to said crossing.

Error from Wyandotte court of common pleas; W. G. HOLT, judge. Opinion filed January 1, 1901. Affirmed.

*Philip Erhardt,* and *Hutchings & Keplinger,* for plaintiff in error.

*Edwin S. McAnany, Daniel O'Byrne,* and *Leon Block,* for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J.: This was an action in the common pleas court of Wyandotte county against the city of Rosedale to recover damages on account of the death of the plaintiffs' child, occasioned by injuries received by the child through the negligence of the city in failing to keep one of its streets in a safe condition for public travel. By the authority of the city, a drain had been excavated along the side of Oak street about thirteen feet wide, five feet deep and several blocks in length. Across this drain, at the intersection of an alley, had been placed by some one a timber for a crossing from that portion of the street remaining intact to the property on that side of the

street where the excavation existed. This crossing was left without rails or barriers, and the child of the plaintiffs, seven years of age, in crossing thereon had fallen into the excavation, upon stone in the bottom thereof, and had thereby received injuries which resulted in her death.

The main question was as the responsibility of the city for the unsafe condition of this crossing. Also, there was a question as to whether or not there was negligence, under all the facts and circumstances existing at the time, in the failure to erect rails or barriers to prevent accidents to those crossing the excavation.

There was a trial to the court and a jury, and a judgment for the plaintiffs in the sum of $2000. Upon the proceedings resulting in this judgment the plaintiff in error specifies the following errors of the trial court:

1. In overruling the objection of the city to the introduction of any evidence under the petition, for the reason that it did not contain or state facts sufficient to constitute a cause of action against it.

2. In overruling the city's demurrer to the plaintiffs' evidence.

3. In refusing to strike out evidence with reference to the decayed place in the timber constituting the crossing, for the reason that such condition was not averred as an act of negligence in the petition.

The fourth and fifth assignments of error are based upon instructions given to the jury; the sixth is based upon instructions refused which were requested by the city; and the seventh upon the denial to the city of a new trial.

In support of the first assignment of error, it is urged that the sole ground of negligence alleged in the petition is that the city permitted a foot-bridge spanning

this excavation to be without guards or side-rails, and that it may be said as a matter of law that this was not an allegation of negligence at all; that as a matter of law it must be held that such a bridge was reasonably safe for any person who was fit to be abroad without an attendant. We must respond thereto that it cannot be said as a matter of law that this was not an allegation of negligence upon the part of the city. Whether it was negligence or not to leave the crossing without barriers or side-rails is a question of fact, to be determined by the jury under all the circumstances, upon the evidence at the trial. Under certain conditions it might be, and under others it would not be. (See Dillon on Municipal Corporations [3d ed.], vol. 2, § 1005; *City of Wyandotte v. Gibson, Adm'x*, 25 Kan. 236; *City of Wellington v. Gregson*, 31 id. 99, 1 Pac. 288; *Maultby v. City of Leavenworth*, 28 id. 745; *Osage City v. Brown*, 27 id. 74.) It being a question of fact, and not a question to be resolved by the court as a matter of law, the court properly overruled the demurrer to the petition, and submitted the evidence to the jury to say whether or not, under all the circumstances, the city was negligent in omitting the barriers or side-rails.

Under the second assignment of error the same proposition is urged — that is, that the evidence showed no facts to render the city liable for omitting guards or side-rails; that it showed no necessity therefor.

We are of the opinion that, if there was nothing else, the evidence that the child did fall and was killed, in the manner and under the circumstances under which her fall occurred, is sufficient evidence for the necessity of side-rails or barriers to the crossing, assuming that the city was at all responsible for the situation. It is further argued under this assignment

that the evidence shows that the immediate and proximate cause of injury was not the want of railings or barriers, but that it was the intervention of an intentional act of an intelligent agency; that is, that a little boy three or four years old, who was in the company of boys and girls crossing the foot-bridge, pushed the child off the crossing. The record fails to sustain this contention; that is, it does not show that the child was pushed off the crossing, but, on the contrary, it shows that while the children were all upon the foot-bridge, waiting for a team to pass the end of the foot-bridge so that they might proceed, the little girl attempted to turn about and to speak to a companion, and in so doing tripped and fell.

Under the third specification, it is said that the court erred in not withdrawing from the consideration of the jury all evidence in relation to the decayed place or defect in the plank or foot-bridge, which caught the child's foot and occasioned her fall, for the reason that it was not charged in the petition as a ground of negligence upon which to base a recovery. There seem to us to be two sufficient answers to this objection. The first is, that there was no objection to the evidence and no motion to strike it out in the first instance; that is, the evidence disclosing the circumstances under which the child fell and came to her death. There was a motion to strike out some evidence in respect thereto at a later stage of the trial, which did not materially affect the right of the plaintiff in error. Another answer is that it was not sought to use this fact as the basis of recovery at all, but merely as a part of the occurrence—the *res gestæ* —and that it was competent to disclose the same as such. We say it was not relied upon as an act of

negligence upon which to base a recovery, and there is nothing in the record which would indicate that the jury could possibly be misled into such a conclusion.

The criticism of the first instruction of the court is that it left it to the jury to say whether the foot-bridge was reasonably safe without railings.   We are of the opinion that it was a question of fact properly left to the jury to determine, under all the circumstances and conditions disclosed at the trial.

The criticism of the tenth instruction of the court, under the fifth assignment of error, is : "Can a city be held liable for an accident happening in an unimproved part of a platted street, in a remote part of a small town, and upon a foot-log or plank placed by private persons, for their own convenience, across an open ravine, when such plank is not a part of any walk or traveled way erected or prepared by the city for the public travel, and when said plank or foot-log is used to go from a street across the ravine onto private grounds ; it being further taken into consideration that the city had provided a safe and convenient roadway, thirty or forty feet wide, along said street, ample for all travel along the same, and where such foot-log is not used generally by the traveling public?" If this statement of the case was sustained by the evidence, counsel's contention might and probably would be correct.   The excavation was a part of the improvement of the street made by the city.   The crossing, although originally made by a proprietor of an addition to the city, was adopted and used by the public as a means of using that part of the street in connection with the part of the street used as a roadway, and was used by the public as a matter of pub-

lic convenience, and was entirely upon public ground of which the city had charge, and for the care of which it was responsible.

Under the sixth assignment of error, which is based upon the refusal of the court to give certain instructions asked by the city, and the seventh, which is in denying the motion for a new trial, and which are by counsel in their brief discussed together, it is said, first, that the evidence was insufficient to show any liability on the part of the city, and in this connection is substantially repeated the statement heretofore quoted. But counsel say further that their chief objection is of a more fundamental nature; that the accident which occasioned the death of the child was not one which the city should have anticipated as a natural and ordinary result of leaving a footwalk without railings; that the footwalk was not in general use; that its use was very limited and not by the traveling public; that in every city there are thousands of places adjacent to streets and alleys which are less safe than others, and at which accidents are happening from time to time; that it could not have been anticipated that any person fit to be abroad without attendants would fall from such a crossing, etc. Counsel are not sustained by the record in many of their assumptions of fact. The evidence discloses that this foot-bridge was used continuously, and for a number of years, by the public generally, but not to so great an extent as in the most populous part of Kansas City, of which Rosedale is a suburb; and it is not reasonable to say that a city should not anticipate that a fall might occur to a person crossing a foot-bridge fourteen inches wide and twenty feet long, five feet above the bottom of the excavation, the bottom of which was covered with rough and jagged

rocks.  It was for the jury to say; and it cannot be said as a matter of law that such a result was not the natural and ordinary result to be anticipated from the conditions disclosed by the evidence.

The judgment is affirmed.